IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

DAVID C. READUS (B-30035),  )
                            )
              Plaintiff,    )
                            )    Case No. 15 C 8294
    v.                      )
                            )    Judge Manish S. Shah
                            )
FREDI BARROSO, et al.,      )
                            )
              Defendants.   )

## ORDER

The amended complaint [10] and this case are dismissed. The dismissal is without prejudice to Plaintiff pursuing whatever remedies he may have in state court. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is advised that if he accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without first prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Enter judgment. Plaintiff's motion for attorney representation [4] is denied as moot. Terminate civil case.

## STATEMENT

As instructed, Plaintiff has submitted an amended complaint. [10]. Plaintiff has also submitted a letter addressing his failure to fully disclose his litigation history. [11]. The Court has reviewed Plaintiff's letter and his amended complaint, and finds that dismissal of this case is warranted for the reasons set forth below.

Plaintiff states that it was not his intention to commit any type of fraud and that he "misunderstood" what information he was required to disclose in this lawsuit. [11] at 1. He explains that case no. 15 C 8293 (which he did not disclose) is related to case no. 12 C 6246 (which he did disclose).[1] He also explains that he is a

---

[1] In case no. 12 C 6246, Plaintiff, acting *pro se*, initially sued Chicago Police Officers Guevara and Gugan, alleging they used excessive force against him on January 18, 2012. *See Readus v. C.G. Guevara*, case no. 12 C 6246 (N.D. Ill). Plaintiff subsequently submitted an amended complaint in that case naming the two police officers, the City of Chicago, Advocate Trinity Hospital and Brandon Watson, MD. *Id.* at [29]. On January 24, 2014, Advocate Trinity Hospital moved to dismiss the amended complaint for lack of jurisdiction, and the court granted that motion on July 25, 2014. *Id.* at [39], [57]. Plaintiff was granted to leave to submit an amended complaint, and, on its own motion, the court recruited

member in four class action lawsuits filed in this district, but that he did not disclose this information because he did not file the class actions himself. *Id.* at 2–4.

Plaintiff says he does not recall ever having filed a lawsuit in another district. According to Plaintiff, he agreed to be a witness in a prisoner civil rights case filed in the Central District, but that he took a lie detector test and was never actually called as a witness in that case. *Id.* at 4. A review of court records under Plaintiff's name[2] on PACER shows that he and co-Plaintiff LeRoy Finley filed a prisoner civil rights case in December 1994 in the Central District of Illinois. *See Finley v. Patricia Kirby*, case no. 94 C 3335 (C.D. Ill.). In February 1995, Plaintiff was terminated as a Plaintiff in that action. *Id.* at dkt. entry dated 02/01/1995. Then, in March 1996, in a similar series of events, Plaintiff and co-Plaintiff Mark H. Hugues filed a prisoner civil rights case in the Central District of Illinois. *See Hugues v. Washington*, case no. 96 C 3071 (C.D. Ill.). On March 26, 1996, the court terminated Plaintiff as a co-Plaintiff in that action. *Id.* at [12]. That same day, a new case was opened (96 C 3074) and an order was entered on the docket instructing Plaintiff to submit a complaint and related documentation under that case number. *See Readus v. Washington*, case no. 96 C 3074 (C.D. Ill.). On April 18, 1996, the case was dismissed without prejudice.[3] *Id.* at [3].

Even if the Court were to accept any of Plaintiff's aforementioned reasons for not fully disclosing his litigation history—all of which the Court finds rather dubious given that he is clearly an experienced litigator and that he was explicitly asked on the Court's standard form to report all lawsuits he has filed in state or federal Court (including lawsuits filed with co-plaintiffs)—dismissal of the amended complaint and this case is still warranted on other grounds, as discussed below. The Court now turns to the amended complaint.

---

counsel to represent Plaintiff. *Id.* at [57]. On May 22, 2015, Plaintiff's counsel submitted an amended complaint naming the two police officers and the City of Chicago. *Id.* at [81]. Advocate Trinity Hospital and Brandon Watson MD were terminated as Defendants. *Id.* On or about September 21, 2015, Plaintiff filed a *pro se* civil rights complaint in case no. 15 C 8293, in which he names Brandon Watson, M.D. and Advocate Trinity Hospital as Defendants. *See Readus v. Watson*, case no. 15 C 8293 (N.D. Ill.). As of the date of this order, that case is pending initial review.

[2] The Court searched PACER using Plaintiff's name and also verified that the search results matched Plaintiff's prisoner identification number (B-30035).

[3] The Court is unable to discern the basis of the dismissal from the information available on PACER; however, it appears that the dismissal was based on Plaintiff's failure to comply with the March 26, 1996 order, as there is no indication on the docket that Plaintiff filed an amended complaint, as instructed.

Plaintiff having clarified his claim and the individuals he wishes to sue in this action, it is clear that the amended complaint does not state a claim and is also untimely. Accordingly, the amended complaint and this case are dismissed. The dismissal is without prejudice to Plaintiff pursuing whatever remedies he may have in state court. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Here, the amended complaint sets forth, in sum and substance, the same allegations set forth in the original complaint, all of which relate to a series of events that occurred in connection with Plaintiff's arrest in January 2012. As he did in the original complaint, Plaintiff seeks to hold various emergency medical technicians ("EMTs") liable in this action for conspiring to cover up the alleged wrongdoing of two Chicago police officers who arrested him in January 2012 and allegedly used excessive force/violence against him in the course thereof. Plaintiff also now names the City of Chicago as a Defendant in this action. [10].

The facts, at least as Plaintiff has alleged them, do not state a claim. As explained in the October 26, 2015 order, conspiracy is not a freestanding claim. A conspiracy to cover up a constitutional violation may provide a basis for relief if it interferes with a Plaintiff's right to seek redress for that underlying violation. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 422–23 (7th Cir. 2000). However, if a plaintiff has the knowledge of the facts underlying the claim, and the cover-up did not hide those facts from him, then he cannot proceed with a cover-up theory. *Id.* at 422–24. The amended complaint, like the original complaint, alleges that Plaintiff knew the arresting police officers used excessive force/violence against him in 2012. Plaintiff later learned that the EMT Defendants tried to cover up for the police. But, this did not prevent Plaintiff from pursuing a claim against the arresting police officers. Indeed, as noted in the initial review order, Plaintiff has a pending lawsuit against the arresting officers, and he originally filed that case in August 2012. As such, Plaintiff does not have a constitutional claim for conspiracy to cover up something he knew about.

Moreover, even if Plaintiff's allegations stated a claim, any such conspiracy claim under § 1983 is untimely. As previously noted by this Court, there is a two year statute of limitations for civil rights actions in Illinois. *See e.g.*, *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. That time period

generally begins to run when a plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Plaintiff continues to claim, as he did in the original complaint, that he did not learn of Defendants' specific (wrongful) conduct until 2014. However, such a claim clearly stems from a January 11, 2012 constitutional violation (namely, the excessive force/violence used against Plaintiff by the arresting officers). As such, any conspiracy claim would have expired two years later on or about January 11, 2014. Plaintiff did not file this lawsuit until September 2015. Accordingly, any conspiracy claim is untimely.

As an additional matter, the Court notes that Plaintiff appears to be seeking relief in this action based on what he characterizes as the Defendants' "misconduct, gross negligence, joint negligence, professional negligence, and a tremendous lack of care for the Plaintiff[']['s] health" in conjunction with the events surrounding the January 2012 incident. [10] at 5. To the extent Plaintiff claims Defendants violated his due-process rights, negligent conduct is insufficient to support a Section 1983 claim. *Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002).

The Court discerns no viable federal claims in the amended complaint, and Plaintiff appears to have set forth his best case therein. Accordingly, further amendment of the complaint would be futile. The amended complaint and this case are therefore dismissed on the basis that the amended complaint does not state a claim and is also untimely. The dismissal is without prejudice to Plaintiff pursuing whatever claim(s) he may have in state court based on the Defendants' allegedly negligent conduct. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is advised that if he accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without first prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Final judgment will be entered.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed in forma pauperis in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

ENTER:

Date: 12/31/15

Manish S. Shah
U.S. District Judge